IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IBRAHIM BAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1326 (MN) |
| | ) | |
| ALSCO CO., | ) | |
| | ) | |
| Defendant. | ) | |

Ibrahim Bah, Newark, Delaware, Pro Se Plaintiff.

# MEMORANDUM OPINION

October 18, 2018
Wilmington, Delaware

NOREIKA, U.S. District Judge:

I. **INTRODUCTION**

Plaintiff Ibrahim Bah ("Plaintiff"), filed this employment discrimination action on August 27, 2018. (D.I. 2). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

II. **BACKGROUND**

Plaintiff is from Sierra Leone, an African, and Muslim. (D.I. 2 at 3). He was employed by Defendant Alsco Co. (*Id.*). Plaintiff alleges that he was laid off on August 22, 2018 because of his race, religion, and ethnicity. (*Id.*). Plaintiff wants the discrimination to stop. (*Id.* at 7). There is no prayer for relief.

III. **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF*

*Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. <u>DISCUSSION</u>

Plaintiff raises employment discrimination claims. There are statutory prerequisites that must be met before filing an employment discrimination case in federal court. As stated by the Supreme Court of the United States:

> Title VII of the Civil Rights Act of 1964, 78 Stat. 241, 42 U.S.C. § 2000e *et seq.*, sets out a detailed, multi-step procedure through which the [Equal Employment Opportunity Commission ("EEOC" or "Commission")] enforces the statute's prohibition on employment discrimination. The process generally starts when "a person claiming to be aggrieved" files a charge of an unlawful workplace practice with the EEOC. § 2000e-5(b). At that point, the EEOC notifies the employer of the complaint and undertakes an

> investigation. *See ibid.* If the Commission finds no "reasonable cause" to think that the allegation has merit, it dismisses the charge and notifies the parties. *Ibid.* The complainant may then pursue her own lawsuit if she chooses. *See* § 2000e-5(f)(1).

*Mach Mining, LLC v. E.E.O.C.*, 135 S. Ct. 1645, 1649 (2015).

"A [Title VII] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution." *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 90 (3d Cir. 1986); *see also Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000). "[A] plaintiff is not obligated to plead exhaustion of administrative remedies with particularity, but may instead allege in general terms that the required administrative process has been completed." *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 102, 111-12 (3d Cir. 2014).

The Complaint does not allege exhaustion of administrative remedies, generally or otherwise. Absent any allegation that Plaintiff filed a claim of employment discrimination with the EEOC or the Delaware Department of Labor, and that he was ultimately issued a right-to-sue letter by the investigating agency, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Here, amendment is futile since, given the time-frame, it is impossible that Plaintiff could have exhausted the required administrative remedies prior to commencing this case. He was laid-off on August 22, 2018, and he filed this action a mere five days later. Therefore, the Complaint must be dismissed, without prejudice, as his employment discrimination claims are

premature. *See Spence v. Straw*, 54 F.3d 196, 202 (3d Cir. 1995) ("We believe that the complaint should be dismissed as premature, rather than untimely, and without prejudice to Spence's potential to file suit again upon exhaustion of administrative remedies.").

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint without prejudice as premature.

An appropriate Order will be entered.